UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL W. MCMAHON,

               Plaintiff,

-vs-                                Case No. 2:07-cv-737-FtM-29SPC

NAPLES HMA; HEALTH MANAGEMENT
ASSOCIATES INC. (HMA),

               Defendants.
_____

**REPORT AND RECOMMENDATION**

      This matter comes before the Court on the Plaintiff Daniel W. McMahon's Application to Proceed *In Forma Pauperis* (Doc. #2) filed on November 9, 2007. No response has been filed and because of the procedural nature of the Motion none is necessary for the Court to make its determination.

      The Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

      In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The

Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those Complaints written by attorneys. <u>Trawinski vs. United Technologies</u>, 313 F.3d 1295 (11th Cir. 2002).

Despite the fact that the Plaintiff's affidavit reveals that he has insufficient resources to conduct the litigation, the Plaintiff should not be permitted to proceed *in forma pauperis* in this action because the Court does not have subject matter jurisdiction over the claims asserted in the complaint. The Plaintiff's Complaint consist of two counts which essentially requests this Court to enjoin the Defendants from seeking relief in State Court. The Plaintiff claims this Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331.

Federal courts have limited subject matter jurisdiction. As the United States Supreme Court noted in <u>Rooker v Fidelity Trust Co.</u>, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), district courts only possess original jurisdiction. Subject matter jurisdiction is the legal authority of a court to hear and decide a particular type of case. <u>Samples v. Conoco, Inc.</u>, 165 F. Supp. 2d 1303, 1307-1308 (N.D. Fla. 2001). Federal Courts may exercise jurisdiction only if it is specifically authorized by Congress. For example, district courts of the United States have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A § 1331. In fact, pursuant to the Anti-Injunction Act "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary to aid of its jurisdiction, or to protect or effectuate its judgements. 28 U.S.C. § 2283.

It is clear from the Complaint that the Court does not have diversity jurisdiction. While the Plaintiff claims subject matter or federal question jurisdiction, the Court has no jurisdiction to intervene and prevent an action from being filed in a State court unless the same issue was already

adjudicated in the federal courts and would therefore be barred by *res judicata*. The Plaintiff's complaint does not allege *res judicata* and in fact there is no judgment from this Court ruling in his favor regarding the issues before the State court. Consequently, this Court has no jurisdiction over the Defendant's State court action.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff Daniel W. McMahon's Application to Proceed *In Forma Pauperis* (Doc. #2) should be **DENIED**.

(2) It is further Respectfully Recommended that the Case be **DISMISSED with Prejudice** because the Court does not have subject matter jurisdiction nor diversity jurisdiction over the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this __26th__ day of December, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record